IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CV-154-BO

| | | |
|---|---|---|
| VANESSA C. LOCKLEAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 10, 12]. A hearing on this matter was held in Elizabeth City, North Carolina on November 13, 2014 at 10:30 a.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

On March 22, 2011, plaintiff protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning on July 1, 2010, due to physical and mental impairments. Plaintiff's claim was denied initially and upon reconsideration. On October 25, 2012, an administrative law judge ("ALJ") held a hearing during which plaintiff, who was represented by an attorney, and a vocational expert ("VE") testified. On November 27, 2012, the ALJ denied plaintiff's application for benefits. The Appeals Council then denied plaintiff's request to review the ALJ's decision making it the final decision of the Commissioner. Petitioner now requests judicial review pursuant to 42 U.S.C. § 405(g).

Plaintiff was 52 years old on her alleged onset date and has completed college. [Tr. 24]. Plaintiff's past relevant work was as a middle school teacher, which the VE testified was light, skilled work with a specific vocational preparation of 7. [Tr. 32, 49–50, 177]. Plaintiff last worked as a teacher in June 2010, at which time she retired, and currently receives a pension from the State of North Carolina. [Tr. 43, 156–57, 177, 189]. Plaintiff also has past relevant work as a babysitter, which the VE characterized as medium, semi-skilled work (with a SVP of 3). [Tr. 49–50]. After plaintiff retired as a teacher, her daughter began paying her $800 per month to babysit her two-year old granddaughter. [Tr. 34–36]. Plaintiff typically babysat "all week" and carried, dressed, fed, and sometimes bathed her granddaughter. [Tr. 34–36, 187].

Plaintiff alleges that she suffers from bilateral lower extremity arthritis with crepitus of the knees, obstructive sleep apnea, hypertension, and obesity. [Tr. 18, 176].

## **DISCUSSION**

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

2

Here, the ALJ found that plaintiff was not disabled under the Social Security Act. [Tr. 13–25]. The ALJ gave plaintiff a residual functional capacity ("RFC") of a range of sedentary work. [Tr. 19–24]. The ALJ found that plaintiff could not return to her past relevant work, but that she was able to perform other jobs existing in significant numbers in the national economy. [Tr. 24–25]. In making this finding, the ALJ relied on VE testimony, and found that plaintiff acquired work skills from her past work (keeping records, reading, writing, counting, planning, supervising, and delegating at high levels), and that such skills were transferable to sedentary work. [Tr. 24.]. The plaintiff alleges that the ALJ erred as a matter of law in finding that the plaintiff's traits were skills transferrable to other work and by failing to properly apply the regulations pertaining to transferability of skills. Specifically, plaintiff asserts that the skills identified by the VE were not actually skills, but rather were traits or aptitudes that do not support a finding of transferability. [DE 11 at 6].

Skills are defined as "knowledge of a work activity which requires the exercise of significant judgment . . . . It is practical and familiar knowledge of the principles and processes of an art, science or trade, combined with the ability to apply them in practice in a proper and approved manner." SSR 82-41, 1982 WL 31389 at *2 (S.S.A.). Traits or aptitudes, on the other hand, are "an inclination, a natural ability, talent, or capacity for learning." *Anglin v. Massanari*, 18 F. App'x 551, 553 (9th Cir. 2001) (citing Webster's *New World Dictionary* 68 (3d ed. 1998)) (finding that the abilities identified by the vocational expert "constitute vocational assets learned at [the plaintiff's] past job and, thus, were properly classified as transferrable skill"); *see also Draegert v. Barnhart*, 311 F.3d 468, 476 (2d Cir. 2002) (noting that the "generalized abilities," "when not linked to any particular tasks, are merely traits or aptitudes, not job skills"); *Weaver v. Sec'y of Health & Human Servs.*, 722 F.2d 310, 311–12 (6th Cir. 1983) (defining skills as

3

"learned abilities" and noting that "aptitudes" are "innate abilities, such as intelligence, form relations, and manual dexterity"). However, "basic abilities to read, write, and count are not skills within the meaning of the Social Security Act" because they "were not acquired through work experience or through education providing for direct entry into skilled work." *Ingles v. Heckler*, 763 F.2d 169, 170 (4th Cir. 1985) (per curiam) (citing 20 C.F.R. § 404.1568(d)).

Here, it was clearly error for the ALJ to rely on VE testimony listing reading, writing, and counting as transferable skills. However, this error was harmless as the other transferable skills the VE listed (keeping records, planning, supervising, and delegating at high levels) are properly considered skills within the meaning of the Social Security Act. It is clear to the Court that these abilities are not innate and can be gained from a teacher's experience handling and coordinating different classes of students. They are developed and honed over time. Therefore, because the ALJ could properly rely on the VE's testimony regarding these transferable skills, the ALJ's decision is supported by substantial evidence and must be affirmed.

## CONCLUSION

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The final decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the __19__ day of November, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE